UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO MARRON,<br><br>Plaintiff,<br><br>v.<br><br>S. SAHA, M.D., et al.,<br><br>Defendants. | Case No.: 19cv1344-BAS (MSB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM** |

On July 18, 2019, Plaintiff Alejandro Marron ("Plaintiff") filed his Complaint alleging a violation of his civil rights pursuant to 42 U.S.C. section 1983. (ECF No. 1.) Plaintiff alleges that while he was incarcerated in California state custody, Defendants Dr. S. Saha, M.D. ("Saha"), and Dr. Griffith, M.D. ("Griffith") (collectively, "Defendants"), violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to provide timely treatment and medication for Plaintiff's right knee pain and refused to issue a lower bunk accommodation. (Id. at 8-14.) Because of the pain and injury caused by Defendants' alleged delay, Plaintiff requests declaratory relief and monetary damages. (See id. at 8.) On October 18, 2019, Defendants filed a Motion to Dismiss the Complaint for Failure to State a Claim. (ECF No. 7.) This Court has considered the Complaint, (ECF No. 1), Motion to Dismiss, (ECF No. 7), Opposition to the

1

Motion to Dismiss, (ECF No. 18), and all supporting documents filed by the parties. This Report and Recommendation is submitted to the United States District Judge Cynthia Bashant pursuant to 28 U.S.C.A. § 636(b) and Civil Local Rules 72.1(d) of the United States District Court for the Southern District of California. For the reasons set forth below, this Court **RECOMMENDS** that Defendants' Motion to Dismiss for Failure to State a Claim be **DENIED**.

## I.     PROCEDURAL HISTORY

On July 18, 2019, Plaintiff, Alejandro Marron, a state prisoner proceeding pro se and in forma pauperis, filed a Complaint Under the Civil Rights Act pursuant to 42 U.S.C.A. § 1983. (ECF No. 1.) The Honorable United States District Judge, Cynthia A. Bashant granted Plaintiff's request to proceed in forma pauperis and screened his Complaint pursuant to 28 U.S.C. sections 1915(e)(2) and 1915A(b) on August 12, 2019. (ECF No. 3.) In so doing, she found that the Complaint, "contain[ed] 'sufficient factual matter, accepted as true,' to state an Eighth Amendment claim for relief that is 'plausible on its face.'" (Id. at 4 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).)

Defendants filed their Motion to Dismiss on October 28, 2019. (ECF No. 7.) Plaintiff filed his Opposition to Defendants' Motion to Dismiss ("Opposition") on November 15, 2019. (ECF No. 18.) Defendants filed no reply.

## II.    FACTUAL BACKGROUND[1]

In August of 2018, Plaintiff was a prisoner at the Richard J. Donovan Correctional Facility ("RJD") in the Southern District of California, and Saha was Plaintiff's primary care physician. (ECF No. 1 at 8-9.) On February 15, 2019, Griffith became Plaintiff's primary care physician, when Plaintiff transferred from RJD to the Substance Abuse and Treatment Facility ("SATF") in the Eastern District of California. (Id. at 8-9.) Plaintiff

---

[1] This Factual Background is taken from the allegations in Plaintiff's Complaint and does not include any separate facts that are reflected in the exhibit thereto, which the Court summarizes in section IV.B., infra.

suffers from "several serious medical conditions including, but not limited to, muscle weakness and leg giving out with no warning." (Id. at 8.)

Plaintiff complained to both Saha and Griffith during appointments that he had pain in his right knee and he had been falling from his top bunk. (Id. at 8-9.) Defendants reviewed Plaintiff's medical records and were aware that Plaintiff suffered right knee pain, yet Defendants did not provide medical treatment, such as pain medication, investigation and diagnosis of his condition, for over six months. (Id. at 9-10, 13.) Plaintiff alleges that Defendants knew based on Plaintiff's complaints that there was a risk of injury if they did not provide treatment. (Id. at 9.) Plaintiff alleges that because of the six-month delay in treatment, he "experienced excruciating pain and knee weakness," and his condition worsened to include "extreme weakness behind the right knee, and [his] knee giving out without warning." (Id. at 9, 12.)

Plaintiff claims Defendants' failure to provide medical treatment under the above circumstances violated his Eighth Amendment right to be free from cruel and unusual punishment. (Id. at 12-13.) As a result, he seeks declaratory judgment, a lower bunk accommodation, damages and attorney's fees and litigation expenses. (Id. at 13.)

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim tests the legal sufficiency of the claims within the complaint. Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 633 (1999).  The pleading standards in Federal Rule of Civil Procedure 8(a)(2) "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To survive a motion to dismiss, the pleading in a complaint requires enough facts to state a claim to relief that is plausible on its face. Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When the complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. In ruling on a motion to dismiss, the Court does not look at whether the plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Twombly, 550 U.S. at 563 n.8.

Pro se complaints are to be construed liberally, and the Court "may only dismiss a pro se complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (quoting Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011)). There is "an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Byrd v. Phoenix Police Dep't, 885 F.3d 639, 642 (9th Cir. 2018) (section 1915A dismissal); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (motion to dismiss).

When resolving a motion to dismiss for failure to state a claim, the Court is generally precluded from considering materials outside the complaint. Schneider v. Cal. Dep't of Corrs., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). But "[w]hen a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal [i]s proper without converting the motion to dismiss to one for summary judgment." Parks Sch. of Bus., Inc., v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) (citing Cooper v. Bell, 628 F.2d 1208, 1210 n.2 (9th Cir. 1980)); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Although courts are generally permitted to accept the truth of matters asserted documents included with the pleadings, it is improper to use those documents to resolve factual disputes against the plaintiff's well-pleaded allegations in the complaint. Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988,

1014 (9th Cir. 2018). Factual disputes between the plaintiff's allegations and the contents of incorporated documents must be interpreted in favor of the plaintiff at the pleading stage. Id.

Under Federal Rule of Civil Procedure 7(a), a plaintiff's opposition to a motion to dismiss does not constitute pleadings, and thus "new" allegations raised in a plaintiff's opposition to a motion to dismiss are not considered when resolving a motion to dismiss. Id.

## IV.  DISCUSSION

### A.  Parties' Arguments

Defendants argue that facts from the sole exhibit ("the Exhibit") attached to the Complaint bely Plaintiff's allegations and show that the claim in his Complaint is without merit. (ECF No. 7 at 5.) Specifically, Defendants argue that the Exhibit "show[s] that [Plaintiff] received proper treatment, including physical therapy, and that medical examinations and x-rays showed that he did not need a medical order for a low bunk assignment." (Id. at 7.) Based on these facts, Defendants assert that the Complaint merely shows differences of medical opinion between Plaintiff and Defendants, which "are 'insufficient, as a matter of law, to establish deliberate indifference.'" (Id. at 6 (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).)

In his Opposition to the Motion to Dismiss, Plaintiff argues that the Complaint alleges facts that support a finding of constitutionally inadequate medical treatment, and the Court should deny Defendants' Motion to Dismiss. (ECF No. 9 at 2.) Plaintiff notes that even considering the CDCR-HCS's reasons for denying his grievance, Defendants ignored his complaints of pain for six months from August 9, 2018, when he arrived at RJD, until March 7, 2019, when a provider examined him. (Id. at 3.) Plaintiff explains that Defendants "failed to provide medical treatment and pain [medication] for those conditions for over six months" and that they only "elected to treat him after his complaint of pain to their supervisor by filing a grievance." (Id. at 2-3 (emphasis added).) Plaintiff reiterates that he had to endure unnecessary pain for several months

before the Defendants rectified the course of medical treatment. (Id. at 2.) Plaintiff thus argues that his Complaint should be allowed to move forward due to the Defendants' personal indifference to his pain until he filed a grievance. (Id. at 3.)

### B. Facts from Grievance Exhibit

The factual allegations that Defendants rely on derive from the solitary exhibit to the Complaint, a packet including: (1) Plaintiff's CDCR-0602 Health Care Grievance form, submitted November 30, 2018; (2) the CDCR's Health Care Services ("CDCR- HCS") Headquarters' Level Response to Plaintiff's grievance dated May 17, 2019 and signed by a chief of Health Care Correspondence and Appeals Branch of CDCR-HCS ("Headquarters' Response"); and (3) the CDCR-HCS's Institutional Level Response to Plaintiff's grievance signed on February 4, 2019 by both the Chief Medical Executive and Chief Executive Officer of RJD ("Institution's Response"). (Id. at 16-21.) In the CDCR-HCS responses, its representatives provided their reasons for denying Plaintiff's grievance. (Id.) Though the Exhibit does not include any medical records, it reveals the following:

On November 30, 2018, Plaintiff submitted a Health Care Grievance with CDCR-HCS asking for reinstatement of his lower bunk "chrono,"[2] which he alleged a sergeant had removed from his medical file without explanation when he arrived at RJD on August 9, 2018. (Id. at 16.) Plaintiff explained that he was having trouble getting on his top bunk and had fallen while attempting to do so about a month prior. (Id.) On January 8, 2019, Saha interviewed Plaintiff regarding the grievance appeal and Plaintiff's bottom bunk chrono. (Id.) On February 5, 2019, the Institution's Response to Plaintiff's grievance was issued, stating that based on Plaintiff's interview with Saha and his health record, the CDCR-HCS would not intervene at the Institutional Level. (Id. at 19.) The Institution's Response cited a CDCR 7362 form that Plaintiff purportedly submitted on

---

[2] A medical "chrono" is a recommendation by a prison physician that relates to an inmate's medical condition or course of treatment. Gaddy v. Adam, No. 14–CV–01642–HSG-PR, 2015 WL 1967292, at *1 n.1 (N.D. Cal. May 1, 2015).

June 22, 2018, requesting to discontinue his lower bunk chrono because Plaintiff no longer needed it.  (Id.)  It further stated, without any supporting facts, that Plaintiff did not have a medical necessity for a lower bunk.  (Id.)

The Headquarters' issued its Response on May 17, 2019, stating that it would not intervene, as Plaintiff's grievance for a lower bunk chrono was not supported by documentation and was "refuted by professional healthcare staff familiar with [Plaintiff's] health care history" and his medical record.  (Id. at 18.)  More specifically, the Headquarters' Response claimed that on March 7, 2019, an unspecified provider had evaluated Plaintiff as a new arrival at SATF for complaints of right knee pain, and a request to reinstate his lower bunk chrono.  (Id. at 17.)  That provider allegedly noted that recent x-ray results "were within normal limits," and that Plaintiff did not have numbness, tingling, or loss of ability to perform daily living activities.  (Id.)  The provider advised Plaintiff that a bottom bunk chrono was not medically indicated at that time and referred Plaintiff for a physical therapy evaluation.  (Id.)  A physical therapist evaluated Plaintiff on May 3, 2019 for the pain in his right knee.  (Id.)  The therapist recommended vastus medialis oblique strengthening, and Plaintiff agreed to one session.  (Id.)  The physical therapist did not find any physical deficits that warranted a lower bunk chrono.  (Id. at 18.)

C. **Sufficiency of Plaintiff's Complaint**

Plaintiff claims that Defendants violated his Eighth Amendment right by providing constitutionally deficient medical treatment, on a theory of deliberate indifference to serious medical needs.  To prevail on this claim, Plaintiff must satisfy the Ninth Circuit's two-pronged test for deliberate indifference to a medical need: "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

The first prong of showing the plaintiff's serious medical need and failure to treat the condition resulting in further significant injury constitutes the "objective standard" of proving claims of deliberate indifference. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)), partially overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

The second prong of deliberate indifference is considered the "subjective standard," and requires "more than ordinary lack of due care for the prisoner's interests or safety." Id. "The requirement of deliberate indifference is less stringent in cases involving a prisoner's medical needs than in other cases involving harm to incarcerated individuals because '[t]he State's responsibility to provide inmates with medical care ordinarily does not conflict with competing administrative concerns.'" McGuckin, 974 F.2d at 1060 (quoting Hudson v. McMillian, 503 U.S. 1, 6 (1992)). "In deciding whether there has been deliberate indifference to an inmate's serious medical needs, [courts] need not defer to the judgment of prison doctors or administrators." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). However, "to show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation marks and citation omitted).

Construing Plaintiff's pleadings liberally, with the benefit of any doubt, Plaintiff has met the Twombly-Iqbal standards in pleading his claim that his Eighth Amendment rights were violated by Defendants. Plaintiff alleges that Defendants' delay in treatment "caused [his] condition to worsen, causing extreme weakness behind right knee and knee giving out without warning." (ECF No. 1 at 9.) Plaintiff further alleges that his

"weak right knee affected his daily activities," (id.), and that he suffers from "continuing pain," "knee giving out without warning," and "falling [while] attempting to get to his top bunk," (id. at 10). Plaintiff claims that he suffered "excruciating pain and knee weakness" in his right leg as a result of Defendants' delay. (Id. at 12.) Plaintiff's allegations in the Complaint satisfy the objective standard of a deliberate indifference claim by stating facts showing that Plaintiff had a serious medical need, which if not treated, could cause Plaintiff further injury or the unnecessary and wanton infliction of pain.

Plaintiff's pleading also satisfies the subjective standard of the Ninth Circuit's two-prong test. Plaintiff alleges that Defendants denied and delayed his treatment for over six months. (Id. at 12.) Plaintiff further alleges that despite Defendants' knowledge of his condition, Defendants failed to treat him, and that this failure was "intentional, or willful [sic] reckless and done with callous malfeasance to the constitutional and civil rights of Plaintiff." (Id. at 10, ¶ 32.) Plaintiff's pleadings also allege that Defendants "accessed the computer medical file of Plaintiff to determine his chief complaint, illness and medications," Defendants "knew Plaintiff suffers from pain and knee weakness," and "ignored and/or delayed Plaintiff's medical treatment . . . ." (Id. at 11.) Presuming the facts of the Complaint to be true for the purposes of resolving the Motion to Dismiss, ignoring and delaying the Plaintiff's known complaints of pain and a faltering knee for over six months could constitute deliberate indifference to his medical needs. See Jett v. Penner, 439 F.3d 1091, 1094-97 (9th Cir. 2006) (holding that the plaintiff sufficiently pleaded his cause of action when the complaint alleged delay of two months in prison staff treating him for his broken thumb and this delay resulted in further harm to the plaintiff); Hunt, 865 F.2d at 199-201 (holding that the plaintiff sufficiently pleaded his cause of action when the complaint alleged delay for over three months in providing dental treatment to plaintiff, as well as prison officials' knowledge of plaintiff's loss of dentures and resulting pain).

The crux of the issue now before the Court is whether the facts asserted by the CDCR-HCS representatives in support of their denials of Plaintiff's grievance can override Plaintiff's own assertion of facts. Although the Court considers exhibits attached to the complaint as part of the complaint, (Fed. R. Civ. P. 10(c)), the Court still does not engage in the weighing of evidence at the motion to dismiss phase. In <u>Khoja</u>, the Ninth Circuit explained that even when documents are treated "as though they are part of the complaint itself," "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." <u>Khoja</u>, 899 F.3d at 1002-03; <u>see also</u> <u>Sgro v. Danone Waters of N. Am., Inc.</u>, 532 F.3d 940, 943 n.1 (9th Cir. 2008) (the court could consider the document that Plaintiff relied on in the complaint, but should not assume the veracity of disputed statements within those documents). If this Court were to assume the veracity of the facts as presented to support the CDCR's decision not to intervene pursuant to a plaintiff's grievance, it would be nearly impossible for any plaintiff with a deliberate medical indifference claim to survive a motion to dismiss, as the administrative exhaustion requirement essentially mandates prior CDCR denials of prisoner grievance forms prior to the initiation of litigation. Such a system would be unfair to plaintiffs seeking redress for alleged violations of their constitutional rights.

This Court must follow the fundamental rule that at the pleading stage factual disputes are interpreted in favor of the plaintiff. <u>Khoja,</u> 899 F.3d at 1014. Therefore, the selective and conclusory statements of CDCR-HCS representatives regarding the opinions of CDCR healthcare providers about Plaintiff's conditions and their determination that Plaintiff was "being evaluated, treated, monitored, and educated concerning [his] health issues consistent with the medical plan of care as determined by [his] Primary Care Providers," cannot serve to negate Plaintiff's allegations in his complaint. Contrary to the CDCR's statements that Plaintiff received adequate care, Plaintiff asserts in his Complaint that he was not treated for six months, and that

Defendants intentionally ignored his requests for treatment. (ECF No. 1 at 11, ¶ 36; see also id. at 11, ¶ 39.)

Further, even if the Court accepts the truth of the specific factual assertions in the Exhibit, the facts in the Exhibit do not contradict Plaintiff's allegations regarding Defendants' inaction. Nothing in the Exhibit demonstrates that Defendants treated Plaintiff's complaints between Plaintiff's arrival at RJD in August 2018 and the examination of Plaintiff in March 2019. While Defendant Saha interviewed Plaintiff in January 2019 about this grievance, there is no indication that any assessment or treatment followed. (See ECF No. 1 at 16, 19.) Similarly, while the CDCR-HCS states that the provider who assessed Plaintiff in March 2019 reviewed "recent x-rays," there is no indication when those x-rays were taken, or that they were taken after August 2018. (Id. at 17.) Therefore, the Exhibit does not conflict with the Complaint.

Finally, Defendants' claim that the Complaint merely demonstrates a difference of medical opinion is unavailing. Plaintiff does not claim that Defendants violated his rights by following one course of medical treatment over another, but that Defendants' failure to assess, diagnose, and treat him for a period of over six months constituted deliberate indifference. Cf. Toguchi v. Chung, 391 F.3d 1051, 1059-60 (9th Cir. 2004) (in order on motion for summary judgment, finding that conflicting opinions of medical experts were nonactionable difference of medical opinion, where each expert reasonably believed symptoms were caused by different underlying conditions, implicating different courses of treatment); Franklin v. State of Or., State Welfare Division, 662 F.2d 1337, 1344 (9th Cir. 1981) (holding that Plaintiff's allegation that two x-rays would have been sufficient rather than the twelve x-rays that were actually taken was "no more than a difference in medical opinion"). Defendants' citations to cases regarding how a court should assess a complaint's allegations of "imminent danger of serious physical injury" for purposes of determining whether the complaint falls within an exception to the three strikes rule of the Prison Litigation Reform Act ("PLRA"), (see ECF No. 7 at 8-9 (citing Wilson v. Appel, 508 F. App'x 321 (5th Cir. 2013) and Andrews v. Cervantes, 493 F.3d 1047, 1057 n.11

(9th Cir. 2007)), are also inapplicable here, as Defendants have not identified any PLRA issue before the Court.

For the foregoing reasons, Plaintiff has met the minimal pleading standards required for his cause of action, and thus Defendants' Motion to Dismiss should be denied.

## V. CONCLUSION AND RECOMMENDATION

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **DENYING** the Motion to Dismiss.

**IT IS HEREBY ORDERED** that no later than **May 27, 2020**, any party to this action may file written objections with this Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **June 10, 2020**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: May 13, 2020

Honorable Michael S. Berg
United States Magistrate Judge