**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO MARRON,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>S. SAHA, M.D., *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 19-cv-01344-BAS-MSB<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION (ECF No. 28);**<br><br>**AND**<br><br>**(2) DISMISSING CASE FOR FAILURE TO PROSECUTE** |

A Report and Recommendation ("R&R") has been submitted to this Court proposing that the instant matter be dismissed with prejudice. (ECF No. 28.) For the foregoing reasons, the Court **ADOPTS** the R&R.

**I.    BACKGROUND**

Plaintiff filed this action on July 18, 2019 pursuant to 42 U.S.C. § 1983, seeking declaratory relief and monetary damages for an alleged violation of his civil rights. (Compl., ECF No. 1.)   Plaintiff claims that while he was incarcerated at Richard J. Donovan Correctional Facility ("RJD"), Defendants Dr. S. Saha, M.D. ("Saha"), and Dr. Griffith, M.D. ("Griffith") (collectively, "Defendants") denied and delayed medical treatment and accommodations in violation of the Eighth Amendment.  Specifically, Plaintiff alleges that although he reported to both Defendants that he suffered from knee pain that made it difficult to access his top bunk, they provided no medical treatment and

disregarded his lower bunk assignment request for over six months, exacerbating his condition. (Compl. at 9–10, 13.)

Defendants filed a Motion to Dismiss Plaintiff's Complaint for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6), which Plaintiff opposed. (ECF Nos. 7, 9.) Magistrate Judge Michael S. Berg issued an initial R&R concluding that Plaintiff's Complaint sufficiently stated claims for relief and recommending that this Court deny the Motion to Dismiss. (ECF No. 10.) The Court adopted this R&R and instructed Defendants to respond to the Complaint. (ECF Nos. 11, 12.) Defendants filed an Answer on July 3, 2020. (ECF No. 13.)

Since that time, Plaintiff has repeatedly failed to further his prosecution of this case, despite the efforts of both defense counsel and the Court to keep him apprised of court orders. Plaintiff failed to appear for two Case Management Conferences ("CMC") in August and October 2020, after which defense counsel made independent efforts to determine his address after his release from custody and make contact. (ECF Nos. 15, 18, 20.) After appearing for a telephonic conference in November—where he was specifically instructed to update his contact information with the Court—he failed to do so and failed to appear for the thrice-continued CMC. (ECF Nos. 24, 25.) Plaintiff has not complied with Court orders to update his address, filed a response to Judge Berg's most recent order to show cause why his case should not be dismissed, or otherwise contacted the Court. (ECF No. 26.)

Consequently, Judge Berg issued an R&R concluding that Plaintiff had willfully failed to comply with court rules and orders. After considering the five dismissal factors—the public's interest in expeditious resolution, the court's need to manage its docket, the risk of prejudice to defendants, public policy favoring disposition of cases on the merits, and the availability of less drastic sanctions—Judge Berg determined that they weighed in favor of dismissal. (R&R (citing *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).) The parties were required to file any objections by January 27, 2021. (*Id.* at 10.) Judge Berg instructed that the R&R be served on Plaintiff at both his address

of record and the updated address provided by Defendants' counsel. (*Id.*) The R&R was returned as undeliverable from Plaintiff's address of record on January 19, 2021. (ECF No. 29.) No objections have been filed.

## II.     LEGAL STANDARD

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

"The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

## III.    ANALYSIS

Because neither party has filed objections or requested additional time to do so, the Court may adopt the R&R on that basis alone. *See Reyna-Tapia*, 328 F.3d at 1121. Nonetheless, having conducted a *de novo* review of the R&R, the Court concludes that Judge Berg's reasoning is sound and agrees with the R&R's recommendation. First, Plaintiff's failure to attend all but a single hearing and to provide his updated address, even after the considerable efforts of counsel and the Court to contact him and inform him of

his responsibilities, indicate that Plaintiff's noncompliance was willful. *See Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985) (affirming "willfulness" standard adopted by district court that required "the punished conduct to be within the litigant's control").

Second, Plaintiff's inaction supports dismissal under the five factors. Because Plaintiff has failed to appear for a CMC or update his address with the Court, the progress of this case has remained stagnant for six months. Such delays undermine the public's interest in expeditious resolution and the court's need to manage its docket. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Since Plaintiff has failed to explain his reasons for delaying prosecution, the Court agrees with Judge Berg's assessment that the prejudice to Defendants caused by delay favors dismissal. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994) (presuming prejudice from unreasonable delay "even in the absence of a showing of actual prejudice to the defendant"). Finally, the Court agrees that monetary sanctions would be an ineffective alternative sanction and that proceeding to issue a scheduling order without further indications that Plaintiff intends to prosecute this action would impose unfair burdens on Defendants.

## IV.  CONCLUSION AND ORDER

Therefore, the Court hereby approves and **ADOPTS IN ITS ENTIRETY** the R&R. *See* 28 U.S.C. § 636(b)(1). This case is **DISMISSED WITH PREJUDICE**. The clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: February 1, 2021**

Hon. Cynthia Bashant
United States District Judge